## JAMES R. HILL V. N. J. APPLEGATE.

TRESPASS—*Colt Killed by Vicious Mule—Damages, Recovered.* The plaintiff and the defendant permitted their stock to run at large upon the uninclosed lands of others, and while the stock was so running at large, the defendant's mule, which was known by the defendant to be vicious and inclined to kill young colts and calves, killed the plaintiff's mule colt. *Held,* That the plaintiff may recover from the defendant for the loss of her colt, although the colt, with the other stock, was technically trespassing upon the land of another person.

*Error from Greenwood District Court.*

ACTION by *Applegate* against *Hill,* to recover damages for the death of a certain mule colt. Judgment for the plaintiff, at the May term, 1886. The defendant brings the case here. The opinion states the facts.

D. B. Fuller, for plaintiff in error.

E. B. Peyton & Son, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Mrs. N. J. Applegate, before a justice of the peace of Greenwood county, against James R. Hill, to recover for the loss of a mule colt alleged to have been killed by the defendant's mule. Judgment was rendered in favor of the plaintiff, and the defendant appealed to the district court, where another trial was had, before the court and a jury, and a verdict and judgment were rendered in the district court in favor of the plaintiff and against the defendant for $30 and costs; and to reverse this judgment the defendant, as plaintiff in error, brings the case to this court. It is admitted that the plaintiff's colt was killed by the defendant's mule, but it is claimed that the plaintiff cannot recover, for the reason that she was also a wrongdoer, and that her wrong contributed to the alleged injury. The defendant, who is now the plaintiff in error, states in his brief the question presented to this court, as follows:

"The record in this case presents substantially but one ques-

tion, and that is, can plaintiff below, defendant in error, recover for the loss of a mule colt, killed while running at large upon the unfenced land of another, against the co-wrongdoer who permits a mule to run at large, also upon said commons, that was vicious as to young colts?"

We think the facts of the case as presented by the record are substantially as follows: The plaintiff and the defendant were farmers residing in the same neighborhood in Greenwood county, and both permitted their stock to run at large upon the open and uninclosed prairie and upon the lands belonging to others and not to themselves, among which stock was the plaintiff's mare, pregnant with the mule colt that was afterward killed, and the defendant's mule which did the killing, which mule was vicious in its character and inclined to commit such injuries as the killing of young colts and calves. The defendant had knowledge of this vicious disposition and propensity of his mule, and it does not appear that the plaintiff had any such knowledge. About May 31, 1885, while the plaintiff's and the defendant's stock were running at large as aforesaid, the plaintiff's mule colt was foaled, and the defendant's mule soon thereafter killed the same.

We think the plaintiff may recover. The mere fact that the plaintiff's mare and colt were technically trespassers upon some other person's land, that is, upon land not belonging to either the plaintiff or the defendant, will not prevent the plaintiff from recovering. In the case of *U. P. Rly. Co. v. Rollins*, 5 Kas. 177, it is said:

"It is true that the fence laws, stray laws, and the laws regulating the running at large of stock, already referred to, impliedly authorize cattle to run at large. . . . These statutes, referred to, specify what shall be lawful fences, modify the common law in some respect as to the damages that shall be recovered, and the remedies that must be resorted to with respect to trespassing animals, and in some cases prohibit stock from running at large, and in other cases impliedly permit them to do so, and have probably so modified the common law that no action lies for injuries done on real estate by trespassing cattle unless such real estate is inclosed with a lawful fence."

And in the case of *Larkin v. Taylor*, 5 Kas. 446, the following language is used:

"The object of the law of inclosures is to permit stock to run at large and graze on the prairie and relieve the owners thereof from an action for damages, should they wander upon the land of another unprotected by a lawful fence."

The plaintiff at the time the colt was killed was not committing any wrong upon the defendant, and was certainly not guilty of any such proximate contributory negligence as would prevent a recovery for the injury complained of. There is no claim that the herd law was in force in Greenwood county when this colt was killed.

The judgment of the court below will be affirmed.

All the Justices concurring.